IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH BAUGHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-1143 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| KILLION & SONS WELL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The parties are in agreement, and the Court independently determines, that conditional certification of a collective action is appropriate in this case.[1]  Although differences of opinion *may* remain regarding the precise contours of the class-definition, any such differences are relatively minor and can be resolved in conjunction with matters regarding class-notice. *Compare* Def.'s Br. in Partial Opp'n to Condit. Cert. (Doc. 30) at 1 (opposing Plaintiff's suggestion that class-definition should extend to job-positions "other than pumpers and well tenders," and/or to employees who ceased working before January 2013) *with* Pl.'s Resp. to Def.'s Mot. to Consolidate (Doc. 35) at 2 n.1 (characterizing parties' potential disagreements as "minor in nature," and suggesting that putative class, consisting of only 70 to 80 individuals, should be readily ascertainable).

Consistent with the foregoing, Plaintiff's Motion (**Doc. 26**) for conditional certification is **GRANTED**; Plaintiff's Motion (**Doc. 29**) for permission to submit an Excel spreadsheet in

---

[1] To the extent that the parties and the Court refer to a "class" in this case, that should be understood to be shorthand for "collective action." *See* Doc. 17 in Civil Action No. 16-362 at 2 n.1 (highlighting that a class action has not been requested here, only a collective, *i.e.*, "opt-in" action).

support of certification is **DENIED AS MOOT**; and Plaintiff's Motion (**Doc. 31**) for a status conference is **GRANTED**.

**A Telephonic Status Conference will be held on September 16, 2016 at 2:15 p.m.**
All participants shall contact the undersigned's Chambers (412.208.7460) on a single telephone line, and Mr. Baughman's counsel is responsible for coordinating the call.  Counsel for Mr. Beloit, whose case (Civ. Action No. 16-362) has been consolidated into this one, also may attend, and his counsel timely shall advise Mr. Baughman's counsel of his intention in this regard.[2]

At the Conference, counsel must be prepared to discuss a finalization of the written class-definition; any informational exchanges required to identify putative class members and their current/last known mailing addresses; the form, language and timing of the collective-action notice, as well as the duration of the opt-in period; the establishment of other appropriate case management deadlines moving forward; and whether this case might benefit from an additional round of alternative dispute resolution.

In advance of the Conference, counsel for Defendant and Mr. Baughman must meet and confer to discuss the issues above, and they shall make good faith, reasonable efforts to reach agreement to the fullest extent possible.  Any disagreement that is not resolved through the meet-and-confer process, and/or at the Conference, will be resolved through the submission of cross-

---

[2]  Given that Mr. Beloit's interest is limited in scope to his individual claim(s), his counsel's attendance/participation, currently, should be viewed as "for informational purposes only." Although the Court can envision contexts within which heightened participation may be appropriate (*e.g.*, discussions of Mr. Beloit's individual claim(s) within in the context of global settlement negotiations; or, for the purposes of efficiency/economy, the dovetailing of merits discovery regarding Mr. Beloit in conjunction with collective action members on the whole), let the Court be clear:  Mr. Beloit will not be permitted to "hijack" the collective-action mechanism, and, if and as appropriate, his individual claims may, in the Court's discretion, be stayed should he or his counsel take positions inconsistent with the spirit of this Order.

filings, with the Court adopting the proposal it deems most reasonable and appropriate.  *Cf., e.g.*, Doc. 104 in Camesi v. UPMC, Civ. Action No. 09-85E (W.D. Pa., Bissoon, M.J., presiding) at 11 (directing parties to cross-file proposed collective action notice-forms, with Court determining which proposal would be adopted).

Before or after the hearing, counsel for Defendant and Mr. Baughman may file on the docket any proposal(s), notice(s) or stipulation(s) regarding the collective-action aspects of this case.  *Cf., e.g.*, Doc. 26 in Eld v. Tforce, Civ. Action No. 15-738 (W.D. Pa., Bissoon, J., presiding) (parties' proposed stipulation and order regarding collective action notice, adopted by Court).[3]

IT IS SO ORDERED.


August 31, 2016                                     s\Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States District Judge

cc (via ECF email notification):

All counsel of record

---

[3] Pursuant to the Order of Consolidation entered in Mr. Beloit's case, he and his counsel have been added to the docket in this case.  Consequently, any filings by Mr. Baughman and/or Defendant will be electronically-noticed to Mr. Beloit's counsel.  Should no such filings be made, counsel may receive a status-update, at the same time as the Court, during the September 16th Conference.