# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SETH BAUGHMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15-1143 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| KILLION & SONS WELL SERVICE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

As to collective action notice, Defendant has identified three areas of disagreement: issues regarding the "flowback operator" employee-designation; when the collective-action-period should commence (September 1, 2012 versus January 1, 2013); and whether the notice should include information regarding the statute of limitations. *See* Doc. 55 at 1. Plaintiff has elected not to resist Defendant's position regarding the statute of limitations language, so only two issues remain.

As to the flowback-operator issue, Defendant's positions cannot foreclose the possibility that putative collective action members exist who, despite technically holding the job-position of pumper or well tender (according to Defendant), reasonably believe they are employed and/or carry the title of "flowback" operator. *See* Doc. 54-3 at pgs. 11 through 18 (Defendant's "Compensation Form[s]," in which employees' job-designations are restricted to that of working in the "flowback" department). Regardless of how, or by whom, imprecision of language has been introduced, the Court will not countenance the exclusion of otherwise-qualified individuals

simply because they believed they were employed as "flowback" operators or workers, as opposed to the more-precise job titles now identified by Defendant.

Accordingly, Plaintiff's proposed inclusion of "flowback operators" in the class notice hereby is adopted. The Court hastens to add, though, that whether or not a given employee is, in actuality, a pumper or well tender (as opposed to the seemingly broader classification of "flowback"-department worker or operator) is eminently determinable; and, should the parties be able to confer and review Defendant's records to cause (or avoid) the sending (or omission) of notice to affected individuals, as appropriate, doing so certainly would promote the interests of efficiency and economy.[1]

Turning to the collective-action-period, Defendant has put forth evidence, unrefuted by Plaintiff's counsel, that the "standby" policy challenged in this case only went into effect January 1, 2013. *See* Doc. 55 at 2-5 (citing record evidence). Although Plaintiff proposes that the period commence September 1, 2012 (three years prior to the filing of this lawsuit), his own proposed collective-action definition is limited to employees who "were subject to [Defendant's] 'stand[]by time' payroll policy." *See* Doc. 54-2 at ¶ 1. Similar to the efficiency-concerns highlighted regarding the flowback-operator title, the Court believes that inviting the participation of individuals who ceased employment before the standby-policy was implemented would be a waste of everyone's time. Thus, Defendant's position regarding the collective-action-period hereby is adopted, and the notice shall be adjusted accordingly.

Consistent with the foregoing, it hereby is ORDERED that class notice is **APPROVED,** as described above. Counsel shall finalize the class notice document within three calendar days of the date of this Order, and it need not be submitted to the Court for final review. Furthermore,

---

[1] Should the parties jointly move for a brief, additional period to conduct such an analysis, the Court will allow for a modest adjustment of their forthcoming deadlines.

the Court **ADOPTS** the parties' Proposed Joint Case Management Order (**Doc. 52**).  Consistent with Paragraph 5 thereof, Plaintiff shall file a status report within the timeframe specified.  Once the status report is received, and any outstanding issues are resolved, the Court will enter an order establishing a date-certain for the completion of discovery, as described in Paragraph 6.  *Id.*

IT IS SO ORDERED.


June 2, 2017　　　　　　　　　　　　　　　　　s\Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc (via ECF email notification):

All counsel of record