# Exhibit "1"
# to Unopposed Motion for Approval of Settlement

# Settlement Agreement Fully Executed in Counterparts

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH BAUGHMAN, individually and on behalf of others similarly situated, | ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:15-cv-01143-CB |
| KILLION & SONS WELL SERVICE, INC., | ) ) ) | |
| Defendant. | ) ) | |
| DEREK BEHRENS, | ) ) | CIVIL ACTION |
| Plaintiff, | ) ) ) | Case No. 2:17-cv-000485-CB |
| v. | ) ) | |
| KILLION & SONS WELL SERVICE, INC., | ) ) ) | |
| Defendant. | ) ) | |
| JOHN BELOIT, | ) ) | CIVIL ACTION |
| Plaintiff, | ) ) ) | Case No. 2:16-cv-00362-CB |
| v. | ) ) ) | |
| KILLION & SONS WELL SERVICE, INC., | ) ) ) | |
| Defendant. | ) ) | |
| JORDAN T. BURGESS, | ) ) | CIVIL ACTION |
| Plaintiff, | ) ) ) | Case No. 2:16-cv-01471-CB |
| v. | ) ) ) | |
| KILLION & SONS WELL SERVICE, INC., | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| JAMES JORDAN HRIBAL, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:16-cv-01472-CB |
| v. | ) | |
| | ) | |
| KILLION & SONS WELL SERVICE, INC., | ) | |
| a Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TYLER McDOUGAL, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-000480-CB |
| v. | ) | |
| | ) | |
| KILLION & SONS WELL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| MICHAEL STONE, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:17-cv-000478-CB |
| v. | ) | |
| | ) | |
| KILLION & SONS WELL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| TIMOTHY J. TERRY | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:16-cv-01445-CB |
| v. | ) | |
| | ) | |
| KILLION & SONS WELL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

221666973

| | |
|---|---|
| JOHN WILLHOFT, | ) CIVIL ACTION |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2:17-cv-000484-CB |
| v. | ) |
| | ) |
| KILLION & SONS WELL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement Agreement") is entered into between Plaintiffs, Seth Baughman, Derek Behrens, John Beloit, Jordan T. Burgess, Tyler Criswell, Stephen Giardina, Patrick Healy, James Jordan Hribal, James Jackson, Tyler McDougal, Justin McKenney, Charles Omia, Jared Reeder, Dustin Reedy, Michael Stone, Christopher Stripe, Timothy J. Terry, and John Willhoft, on the one hand, and Defendant, Killion & Sons Well Service, Inc., on the other hand, and is subject to the approval of the Court.

## RECITALS

1.     On September 1, 2015, Plaintiff, Seth Baughman ("Baughman"), filed an action ("the Baughman Lawsuit") against Defendant, Killion & Sons Well Service, Inc. ("Killion" or "Defendant"), in the United States District Court for the Western District of Pennsylvania. The Baughman Lawsuit alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 et seq. ("PMWA"), based on Killion's allegedly paying its pumpers and well tenders a "day rate" and by Killion's allegedly not paying those employees overtime pay for hours that they worked in excess of 40 during a workweek. The Baughman Lawsuit proceeded as a collective action under the FLSA, and as an individual action under the PMWA. The following nine individuals ("Opt-In Plaintiffs") opted into the FLSA collective in the Baughman Lawsuit: Tyler Criswell; Stephen Giardina; Patrick Healy; James Jackson; Justin McKenney; Charles Omia; Jared Reeder; Dustin Reedy; and Christopher Stripe. Baughman and the nine Opt-In Plaintiffs are or were represented in the Baughman Lawsuit by James J. Brink, Esq., of Brink Law Offices, P.C.; Steven C. Townsend, Esq., of Eddy Deluca Gravina & Townsend; and Michael D. Simon, Esq. and Adrian N. Roe, Esq., of Roe & Simon LLC.

2.     After the filing of the Baughman Lawsuit, nine additional lawsuits ("Individual Plaintiff Lawsuits") were filed against Killion by nine individual plaintiffs ("Individual Plaintiffs"). The Individual Plaintiff lawsuits are captioned Behrens v. Killion & Sons Well Service, Inc., Civil Action. No. 2:16-cv-00485-CB (W.D. Pa.); Beloit v. Killion & Sons Well Service, Inc., Civil Action. No. 2:16-cv-00362-CB (W.D. Pa.); Burgess v. Killion & Sons Well Service, Inc., Civil Action. No. 2:16-cv-01471-CB (W.D. Pa.); Edgington v. Killion & Sons Well Service, Inc., Civil Action. No. 2:16-cv-01702-CB (W.D. Pa.); Hribal v. Killion & Sons Well Service, Inc., Civil Action. No. 2:16-cv-01472-CB (W.D. Pa.); McDougal v. Killion & Sons Well Service, Inc., Civil Action. No. 2:16-cv-00480-CB (W.D. Pa.); Stone v. Killion & Sons Well

Service, Inc., Civil Action. No. 2:16-cv-00478-CB (W.D. Pa.); Terry v. Killion & Sons Well Service, Inc., Civil Action. No. 2:16-cv-01445-CB (W.D. Pa); Willhoft v. Killion & Sons Well Service, Inc., Civil Action. No. 2:16-cv-00484-CB (W.D. Pa.).  Attorney Samuel J. Pasquarelli, Esq., of Sherrard, German & Kelly, P.C., represents the nine Individual Plaintiffs.

3.      Killion filed timely Answers to the Complaints in the Baughman Lawsuit and in the Individual Plaintiff Lawsuits (collectively, "the Litigation").  In those Answers, Killion denied that it paid a day rate to the Plaintiffs, denied that Killion failed to pay appropriate overtime pay to the Plaintiffs, and asserted affirmative defenses.

4.      On or about May 2, 2019, Jacob Edgington, one of the Individual Plaintiffs, agreed to dismiss his lawsuit with prejudice.  Mr. Edgington filed a Stipulation of Dismissal with Prejudice on May 17, 2019.

5.      On May 2, 2019, a mediation ("May 2, 2019 Mediation") of the Baughman Lawsuit and of the Individual Plaintiff Lawsuits was held before United States Magistrate Judge Lisa Pupo Lenihan.  At that mediation, the parties and their counsel agreed to settle the Baughman Lawsuit and the Individual Plaintiff Lawsuits.

6.      Plaintiffs and their counsel performed a thorough and independent investigation of the facts and law related to the allegations in the Litigation.  In agreeing to the settlement, Plaintiffs have considered: (a) the facts developed during discovery in the Litigation; (b) the risks of continued litigation and the uncertainty of the outcome of the claims alleged against Killion; and (c) the desirability of consummating this settlement according to the terms of this Settlement Agreement.  Plaintiffs have concluded that the terms of this settlement are fair, reasonable, and adequate and that it is in the best interests of Plaintiffs to settle their claims against Killion pursuant to the terms set forth below.

7.      Killion denies the allegations in the Complaints in the Baughman Lawsuit and in the Individual Plaintiff Lawsuits,  and disclaims any liability with respect to the claims alleged in the Complaints.  Killion, however, is entering into this settlement because the settlement will eliminate the burden, risk, and expense of further litigation.  This Settlement Agreement and all related documents are not and should not be construed as an admission by Killion of any fault, liability, or wrongdoing.

8.      As a negotiated compromise, and in consideration of and in reliance upon the definitions, recitals, promises, covenants, understandings, and obligations set forth in this Settlement Agreement, the Parties stipulate and agree as follows, subject to the final approval of the Court.

## DEFINITIONS

9.      The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Approval Order" means the Court Order memorializing the Court's approval of the settlement.

2

b.     "Collective Plaintiffs" means Seth Baughman, Tyler Criswell, Stephen Giardina, Patrick Healy, James Jackson, Justin McKenney, Charles Omia, Jared Reeder, Dustin Reedy, and Christopher Stripe.

c.     "Collective Plaintiffs' Counsel" means Adrian N. Roe, Esq., Michael D. Simon, Esq., and Roe & Simon LLC.

d.     "Court" means the United States District Court for the Western District of Pennsylvania.

e.     "Defendant" means Killion & Sons Well Service, Inc.

f.     "Defendant's Counsel" means Clark Hill PLC.

g.     "Effective Date" means the first business day after the Court's issuance of the Approval Order.

h.     "Gross Settlement Amount" means the gross amount of $375,000.00, which is the amount that Killion will pay in exchange for the release of all Released Claims by Plaintiffs and for Plaintiffs' other commitments pursuant to this Agreement.

i.     "Individual Plaintiffs" means Derek Behrens, John Beloit, Jordan Burgess, James Jordan Hribal, Tyler McDougal, Michael Stone, Timothy J. Terry, and John Willhoft.

j.     "Individual Plaintiffs' Counsel" means Samuel J. Pasquarelli, Esq. and Sherrard, German & Kelly, P.C.

k.     "Litigation" means *Baughman v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:15-cv-01143-CB (W.D. Pa.) and the following individual cases filed by the Individual Plaintiffs: *Behrens v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:16-cv-00485-CB (W.D. Pa.); *Beloit v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:16-cv-00362-CB (W.D. Pa.); *Burgess v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:16-cv-01471-CB (W.D. Pa.); *Hribal v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:16-cv-01472-CB (W.D. Pa.); *McDougal v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:16-cv-00480-CB (W.D. Pa.); *Stone v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:16-cv-00478-CB (W.D. Pa.); *Terry v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:16-cv-01445-CB (W.D. Pa); *Willhoft v. Killion & Sons Well Service, Inc.*, Civil Action. No. 2:16-cv-00484-CB (W.D. Pa.).

l.     "Opt-In Plaintiffs" means Tyler Criswell, Stephen Giardina, Patrick Healy, James Jackson, Justin McKenney, Charles Omia, Jared Reeder, Dustin Reedy, and Christopher Stripe.

m.     "Parties" means Plaintiffs and Defendant.

n.     "Plaintiffs" means the Collective Plaintiffs and Individual Plaintiffs.

3

        o.       "Plaintiffs' Counsel" means Collective Plaintiffs' Counsel and Individual Plaintiffs' Counsel.

        p.       "Releasees" means Killion & Sons Well Service, Inc., and its past, present, and future parent companies, subsidiaries, affiliates, and divisions, and the owners, shareholders, partners, officers, employees, legal representatives, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers of the foregoing.

        q.       "Settlement Amount" shall mean the gross amount of $375,000.00.

        r.       "Settlement Award" means the payment that each Plaintiff shall be entitled to receive pursuant to the terms of this Agreement.

## SETTLEMENT AWARDS

    10.    **Settlement Amount**. The total gross settlement amount that Killion will pay to Plaintiffs and Plaintiffs' Counsel will be $375,000.00. In accordance with Sections 12 and 13 of this Agreement, Killion will pay $200,000.00 of the Settlement Amount in initial payments within 10 business days after the Effective Date of this Agreement, and will pay $175,000.00 of the Settlement Amount in installment payments over an 18-month period after the Effective Date of the Agreement. Killion will deduct, from the settlement payments, legally-required withholdings.

    11.    **Attorneys' Fees and Costs.** The Gross Settlement Amount of $375,000.00 includes an award of attorneys' fees and costs to Collective Plaintiffs' Counsel in the total amount of $167,438.73, and an award of attorneys' fees and costs to Individual Plaintiffs' Counsel in the total amount of $61,000.02. The awards of attorneys' fees will compensate Plaintiffs' Counsel for all work performed in the Litigation as of the date of this Settlement Agreement, as well as for all of the work remaining to be performed, including but not limited to documenting the settlement, securing Court approval of the settlement, administering and implementing the settlement, and dismissing the Litigation. Killion will issue IRS Forms 1099 to Collective Plaintiffs' Counsel and to Individual Plaintiffs' Counsel reflecting the award of fees and costs. Collective Plaintiffs' Counsel and Individual Plaintiffs' Counsel shall be solely responsible for paying all applicable taxes on the payments made pursuant to this section of the Agreement.

    12.    **Initial Payments**. Within 10 business days after the Effective Date of this Agreement, Killion will make initial payments ("Initial Payments") in the total gross amount of $200,000.00, payable by check, as follows:

        a.       Of the $200,000.00 in Initial Payments, a total of $146,561.27 will be paid to Plaintiffs ("Plaintiffs' Settlement Amount"). The amount that Killion will pay to a particular Plaintiff will be the amount determined by multiplying the Plaintiffs' Settlement Amount of $146,561.27 by the percentage of the overtime pay that Plaintiffs contend is owed to that particular Plaintiff compared to the total amount of overtime pay that Plaintiffs contend is owed to all Plaintiffs. A schedule of the percentage of overtime pay that Plaintiffs contend is owed to each Plaintiff, compared to the total amount of overtime pay that Plaintiffs contend is owed to all Plaintiffs, is attached to this Agreement as Attachment 1. Pursuant to 20

4

P.S. § 3101 et seq., Killion will pay to Megan Criswell, sister of Opt-In Plaintiff Tyler Criswell, the amount of the settlement payable to Tyler Criswell, as Tyler Criswell passed away after opting in to the Baughman Lawsuit and prior to settlement of the Litigation.

b. Of the $200,000.00 in Initial Payments, a total of $53,438.73 will be paid to Collective Plaintiffs' Counsel.

13. **Installment Payments**. Killion will pay Collective Plaintiffs' Counsel and Individual Plaintiffs' Counsel the total gross amount of $175,000.00, by check in six equal installments ("Installment Payments") of $29,166.67, over an 18-month period, in accordance with the schedule that is attached to this Agreement as Attachment 3.

14. **Delivery of Settlement Checks**. The Initial Payment checks to the Collective Plaintiffs and to Collective Plaintiffs' Counsel, and the Installment Payment checks to Collective Plaintiffs' Counsel, will be delivered to Roe & Simon, LLC, c/o Michael D. Simon, Esq., at 2520 Mosside Boulevard, Monroeville, PA  15146.  The Initial Payment checks to the Individual Plaintiffs, and the Installment Payment checks to Individual Plaintiffs' Counsel, will be delivered to Sherrard, German and Kelly, P.C., c/o Samuel J. Pasquarelli, Esq., at 535 Smithfield Street, Suite 300, Pittsburgh, PA  15222.

15. **Tax Treatment.** Plaintiffs' Settlement Awards will be treated as back wages and Killion will effectuate withholding of appropriate federal, state, and local taxes. Killion will be responsible for remitting all withheld taxes to the appropriate governmental authorities. Killion will not withhold the employer's share of applicable taxes, and Killion will be responsible for paying those amounts to the appropriate governmental authorities.  Killion will provide, to Collective Plaintiffs' Counsel, an IRS Form W-2 and analogous state tax forms for each Collective Plaintiff, and will provide, to Individual Plaintiffs' Counsel, an IRS Form W-2 and analogous state tax forms for each Individual Plaintiff.

16. **Validity of Plaintiffs' Settlement Award Checks**. All Settlement Award checks sent to Plaintiffs by Plaintiffs' Counsel will remain valid and negotiable for 180 days from the date of their issuance and will thereafter be automatically canceled if not cashed within that timeframe, at which time the right to recover any Settlement Award will be waived and deemed void.  Each Settlement Award check will state, in conspicuous writing on the front of the check, that the check is void if it is not cashed within 180 days. All funds from uncashed Settlement Award checks at the conclusion of the 180-day period will revert to Killion.

17. **No Claims Based Upon Distributions or Payments**. No person shall have any claims against Killion or Defendant's Counsel based on distributions or payments made in accordance with this Settlement Agreement.

18. **Motion to Approve Settlement**. Within five business days after execution of this Agreement by all Parties and their counsel, Plaintiffs shall file, with the Court, a Motion to Approve Settlement, seeking a Court Order:

a. Approving the settlement and its terms as a fair, reasonable, and adequate settlement of this Litigation;

b.    Directing that the Gross Settlement Amount be distributed in accordance with the terms of this Settlement Agreement; and

c.    Directing the Parties to dismiss the Litigation with prejudice.

## RELEASES

19.   **Release of Claims Related to this Action**.  In consideration of the benefits to be received by the Plaintiffs under the terms of this Agreement, each Plaintiff, upon the Effective Date, shall be deemed to have released and forever discharged Releasees from any and all claims, obligations, causes of action, and liabilities that were asserted or could have been asserted against Releasees in the Litigation based on Killion's allegedly paying its pumpers and well tenders a "day rate" and by allegedly not paying them overtime pay for hours that they worked in excess of 40 during a workweek.

20.   **General Release**.  In consideration of the benefits to be received by Plaintiffs under the terms of this Agreement, each Plaintiff, upon the Effective Date, shall be deemed to have released and forever discharged Releasees from: any and all claims, obligations, demands, actions, rights, causes of action, and liabilities of whatever nature that may have accrued as of the date on which that Plaintiff signed this Agreement, including but not limited to any claim for costs, fees, interest, or other expenses incurred in this matter; any and all claims for wages, overtime pay, bonuses, commissions, or incentive compensation of any type, whether under common law or policy or contract; any and all claims that were asserted or could have been asserted in the Litigation; any and all claims for breach of contract or violation of tort laws; any and all claims arising under common law, such as claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, or infliction of emotional distress; any and all claims arising under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Genetic Information Nondiscrimination Act of 2008; the Employee Retirement Income Security Act of 1974 (except for any vested benefits under any tax qualified benefit plan); the Civil Rights Act of 1991; the Immigration Reform and Control Act; the Americans with Disabilities Act of 1990, as amended; the Family and Medical Leave Act; the Equal Pay Act; the Sarbanes Oxley Act; the Dodd-Frank Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Pennsylvania Human Relations Act; the Pennsylvania Whistleblower Law; and any other federal, state or local human rights, civil rights, wage-hour, whistleblower, pension or labor laws, rules and/or regulations; and any claim for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any other action or grievance against the Releasees, based upon any act or omission arising or occurring up to the time when that Plaintiff signed this Agreement.

## MISCELLANEOUS

21.   **No Admission of Liability.**  This Settlement Agreement and all related documents are not and should not be construed as an admission by Killion of any fault, liability, or wrongdoing.

6

22.     **Prior Representation of Collective Plaintiffs**.  Until in or about April 2018, Collective Plaintiffs were represented by James J. Brink, Esq., of Brink Law Offices, P.C., and by Steven C. Townsend, Esq., of Eddy Deluca Gravina & Townsend (collectively "Former Collective Plaintiffs' Counsel").  Current Collective Plaintiffs' Counsel, Adrian N. Roe, Esq., Michael D. Simon, Esq., and Roe & Simon LLC, have represented to Defendant's Counsel that all matters relating to the payment of legal fees and costs to Former Collective Plaintiffs' Counsel have been resolved and that Former Collective Plaintiffs' Counsel will make no claim against Killion or Defendant's Counsel for legal fees or costs based on Former Collective Plaintiffs' Counsel's representation of Collective Plaintiffs in this case.  Current Collective Plaintiffs' Counsel hereby agrees to indemnify and defend Killion and Defendant's Counsel, and to hold Killion and Defendant's Counsel harmless, with regard to any claim by Former Collective Plaintiffs' Counsel against Killion or Defendant's Counsel for legal fees or costs relating to this Litigation.

23.     **Killion's Legal Fees.**  Killion's legal fees and expenses in this Litigation shall be borne by Killion.

24.     **No Re-Employment**.  Plaintiffs agree to not seek, apply for, or accept employment with Killion, and will not seek, apply for, or accept retention by Killion as an independent contractor, consultant, or otherwise.  In the event that a Plaintiff is ever mistakenly employed by Killion, Plaintiffs agree that the employment may be terminated with no resulting claim or cause of action against Killion.

25.     **Confidentiality of Agreement**.  By signing this Agreement, each Plaintiff and Plaintiffs' Counsel hereby represent that, since the May 2, 2019 Mediation, they have not discussed or disclosed the fact that Killion has agreed to pay settlement amounts to Plaintiffs or Plaintiffs' Counsel, and have not discussed or disclosed the amounts of those settlement payments, with or to any persons who are not parties to this Agreement.  Plaintiffs and their counsel hereby agree to keep the details of this Agreement in strict confidence, and Plaintiffs and Plaintiffs' counsel will not reveal those details to anyone, except that a Plaintiff may discuss the settlement terms with that Plaintiff's immediate family members, attorneys, and tax advisors, on the express condition that those third parties agree to maintain the confidentiality of the settlement terms, and except that a Plaintiff may disclose the settlement terms pursuant to subpoena or order of court.  In the event that a Plaintiff directly or indirectly breaches his obligations pursuant to this section of the Agreement, that Plaintiff shall repay, to Killion, the Settlement Award that Killion paid to that Plaintiff pursuant to this Agreement.  The parties understand and agree that this repayment obligation shall not be exclusive of other remedies that Killion may have for a Plaintiff's breach of this or other sections of the Agreement.  Plaintiffs and their counsel understand and agree that this confidentiality section of the Agreement is a material term of this Agreement and acknowledge that Killion would not have entered into this Agreement if Plaintiffs and Plaintiffs' Counsel had not agreed to this confidentiality provision.

26.     **Nullification of the Settlement Agreement.**  In the event that: (a) the Court does not approve the settlement as set forth in the Agreement; or (b) the settlement does not become final for any other reason, the Parties agree to engage in follow-up negotiations with the intent of resolving whatever concerns precluded the Court's approval and, if feasible, to resubmit the settlement for approval within 30 days.  If the settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement.  At

that point, the Parties agree that each shall return to their respective positions on the day before this Agreement, and this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

27.     **Inadmissibility of Settlement Agreement.**  Except for purposes of settling this Litigation, enforcing the terms of this Agreement, resolving an alleged breach of the Agreement, or resolving tax or legal issues arising from a payment under this Agreement, neither this Agreement nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication, or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession, or damage.

28.     **Consent Judgment**.  In the event that Killion fails to pay any of the settlement payments within 10 business days after those payments are due, pursuant to Sections 12 and 13 and Attachments 1 and 2 of this Agreement, the Parties agree that Plaintiffs shall be entitled to file a Consent Judgment for any remaining unpaid settlement amounts.  That Consent Judgment shall be substantially in the form of the Consent Judgment document that is attached to this Agreement as Attachment 3.

29.     **Amendment or Modification.**  This Agreement may be amended or modified only by a written document signed by all Parties as well as by Plaintiffs' Counsel and Defendants' Counsel.

30.     **Entire Settlement Agreement.**  This Agreement constitutes the entire agreement between the Parties, and no oral or written representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in this Agreement.   All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded by this Agreement, and are of no further force and effect.  The Parties acknowledge that they have not relied on any promise, representation, or warranty, express or implied, that is not contained in this Agreement.

31.     **Authorization to Enter Into Settlement Agreement.**  Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by those Parties pursuant to this Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Agreement.  In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the Court to resolve such disagreement.

32.     **Binding on Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of Plaintiffs, Defendant, and their heirs, beneficiaries, executors,

221666973

administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate, or reorganize.

33.    **Counterparts.**  This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies of this Agreement (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

34.    **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties.  The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

35.    **Governing Law.**  All terms of this Settlement Agreement and the attachments hereto shall be governed by and interpreted according to the laws of the Commonwealth of Pennsylvania and the United States of America, where applicable.

36.    **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for that purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement

Agreement as follows:

By: _____

Print Name: _____

_____
Dustin Reedy

Date: _____

Date: _____

COUNSEL FOR NAMED COLLECTIVE
PLAINTIFF AND OPT-IN PLAINTIFFS

Christopher Stripe

ROE & SIMON, LLC

Date:

By: _____

Print Name: Michael D. Simon

Date: 6/10/2019

DEFENDANT, KILLION & SONS WELL
SERVICE, INC.

By: _____

Print Name: Jeremy Killion

Title: CEO / Owner

Date: 5/28/19

DEFENDANT'S COUNSEL

CLARK HILL PLC

By:

Print Name:

Date:

221666973

DEFENDANT, KILLION & SONS WELL
SERVICE, INC.

By:_____

Print Name:_____

Title:_____

Date:_____


DEFENDANT'S COUNSEL

CLARK HILL PLC

By: _Kurt A. Miller_____

Print Name: _Kurt A. Miller_____

Date: _June 11, 2019_____

12

OPT-IN PLAINTIFFS (CONT'D)

INDIVIDUAL PLAINTIFFS (CONT'D)

Justin McKenney

Date:

Timothy J. Terry

Date:

Charles Omia

Date:

John Willhoft

Date:

Jared Reeder

Date:

COUNSEL FOR INDIVIDUAL PLAINTIFFS

SHERRARD, GERMAN, AND KELLY, P.C.

By:

Print Name: Samuel J. Pasquarelli

Date: June 7, 2019

Dustin Reedy

Date:

Christopher Stripe

Date:

COUNSEL FOR NAMED COLLECTIVE
PLAINTIFF AND OPT-IN PLAINTIFFS

ROE & SIMON, LLC

By:

Print Name:

Date:

_____  
Justin McKenney

Date:_____

_____  
Timothy J. Terry

Date:_____


_____  
Charles Omia

Date:_____

_____  
John Willhoft

Date:_____


_____  
Jared Reeder

Date:_____

COUNSEL FOR INDIVIDUAL
PLAINTIFFS

SHERRARD, GERMAN, AND KELLY, P.C.


_____  
Dustin Reedy

Date:  5-29-19

By:_____

Print Name:_____

Date:_____


_____  
Christopher Stripe

Date:_____

COUNSEL FOR NAMED COLLECTIVE
PLAINTIFF AND OPT-IN PLAINTIFFS

ROE & SIMON, LLC

By:_____

Print Name:_____

Date:_____

12

_____
Justin McKenney

Date: __6/4/2019_____

_____
Timothy J. Terry

Date:_____


_____
Charles Omia

Date:_____

_____
John Willhoft

Date:_____


_____
Jared Reeder

Date:_____

COUNSEL FOR INDIVIDUAL
PLAINTIFFS

SHERRARD, GERMAN, AND KELLY, P.C.


By:_____

Print Name:_____

_____
Dustin Reedy

Date:_____

Date:_____


_____
Christopher Stripe

Date:_____

COUNSEL FOR NAMED COLLECTIVE
PLAINTIFF AND OPT-IN PLAINTIFFS

ROE & SIMON, LLC


By:_____

Print Name:_____

Date:_____

12

NAMED COLLECTIVE PLAINTIFF          INDIVIDUAL PLAINTIFFS

_____     _____
Seth Baughman                        Derek Behrens

Date:_____         Date:_____




_____
OPT-IN PLAINTIFFS                    John Beloit

Date:_____

_____ c/o Tyler Criswell
Megan Criswell, sister of Tyler Criswell
                                     _____
Date: 5/28/19                        Jordan T. Burgess

                                     Date:_____


_____
Stephen Giardina                     _____
                                     James Jordan Hribal
Date:_____
                                     Date:_____


_____
Patrick Healy                        _____
                                     Tyler McDougal
Date:_____
                                     Date:_____


_____
James Jackson                        _____
                                     Michael Stone
Date:_____
                                     Date:_____

OPT-IN PLAINTIFFS (CONT'D)           INDIVIDUAL PLAINTIFFS (CONT'D)

221666973

NAMED COLLECTIVE PLAINTIFF

INDIVIDUAL PLAINTIFFS

Seth Baughman

Derek Behrens

Date:_____

Date:_____

OPT-IN PLAINTIFFS

John Beloit

Date:_____

Megan Criswell, sister of Tyler Criswell

Date:_____

Jordan T. Burgess

Date:_____

Stephen Giardina

Date:_____

James Jordan Hribal

Date:_____

Patrick Healy

Date: 5/26/2019

Tyler McDougal

Date:_____

James Jackson

Date:_____

Michael Stone

Date:_____

OPT-IN PLAINTIFFS (CONT'D)

INDIVIDUAL PLAINTIFFS (CONT'D)

11

221666973

NAMED COLLECTIVE PLAINTIFF

_____

Seth Baughman

Date:_____5-28-19_____


INDIVIDUAL PLAINTIFFS

_____

Derek Behrens

Date:_____


OPT-IN PLAINTIFFS

_____

Megan Criswell, sister of Tyler Criswell

Date:_____


_____

Stephen Giardina

Date:_____


_____

Patrick Healy

Date:_____


_____

James Jackson

Date:_____


_____

John Beloit

Date:_____


_____

Jordan T. Burgess

Date:_____


_____

James Jordan Hribal

Date:_____


_____

Tyler McDougal

Date:_____


_____

Michael Stone

Date:_____


OPT-IN PLAINTIFFS (CONT'D)

INDIVIDUAL PLAINTIFFS (CONT'D)

11

Justin McKenney

Date:_____

_____
Charles Omia

Date: 5/29/2019

_____
Jared Reeder

Date:_____

_____
Dustin Reedy

Date:_____

_____
Christopher Stripe

Date:_____

Timothy J. Terry

Date:_____

_____
John Willhoft

Date:_____

COUNSEL FOR INDIVIDUAL
PLAINTIFFS

SHERRARD, GERMAN, AND KELLY, P.C.

By:_____

Print Name:_____

Date:_____

COUNSEL FOR NAMED COLLECTIVE
PLAINTIFF AND OPT-IN PLAINTIFFS

ROE & SIMON, LLC

By:_____

Print Name:_____

Date:_____

12

_____    _____
Justin McKenney                               Timothy J. Terry

Date:_____       Date:_____


_____    _____
Charles Omia                                  John Willhoft

Date:_____       Date:_____


_____
Jared Reeder                                  COUNSEL FOR INDIVIDUAL
                                              PLAINTIFFS
Date:_____5 - 29 - 19_____

                                              SHERRARD, GERMAN, AND KELLY, P.C.

                                              By:_____

_____    Print Name:_____
Dustin Reedy

Date:_____       Date:_____


                                              COUNSEL FOR NAMED COLLECTIVE
_____    PLAINTIFF AND OPT-IN PLAINTIFFS
Christopher Stripe

Date:_____       ROE & SIMON, LLC


                                              By:_____

                                              Print Name:_____

                                              Date:_____

221666973

NAMED COLLECTIVE PLAINTIFF          INDIVIDUAL PLAINTIFFS

_____       _____
Seth Baughman                       Derek Behrens

Date:_____       Date:_____



OPT-IN PLAINTIFFS                   _____
                                    John Beloit

                                    Date:_____

_____
Megan Criswell, sister of Tyler Criswell

Date:_____       _____
                                    Jordan T. Burgess

                                    Date:_____

_____
Stephen Giardina

Date:_____       _____
                                    James Jordan Hribal

                                    Date:_____

_____
Patrick Healy

Date:_____       _____
                                    Tyler McDougal

                                    Date:_____
_____
James Jackson

Date:____ 5 - 28 - 19 ___           _____
                                    Michael Stone

                                    Date:_____

OPT-IN PLAINTIFFS (CONT'D)          INDIVIDUAL PLAINTIFFS (CONT'D)

NAMED COLLECTIVE PLAINTIFF

INDIVIDUAL PLAINTIFFS

Seth Baughman

Derek Behrens

Date:_____

Date:_____

OPT-IN PLAINTIFFS

John Beloit

Date:_____

Megan Criswell, sister of Tyler Criswell

Date:_____

Jordan T. Burgess

Date:_____

Stephen Giardina

Date: _5-28-2019_____

James Jordan Hribal

Date:_____

Patrick Healy

Date:_____

Tyler McDougal

Date:_____

James Jackson

Date:_____

Michael Stone

Date:_____

OPT-IN PLAINTIFFS (CONT'D)

INDIVIDUAL PLAINTIFFS (CONT'D)

11

Justin McKenney

Date:_____

Charles Omía

Date:_____

Jared Reeder

Date:_____

Dustin Reedy

Date:_____

Christopher Stripe

Date:___6-10-2019___

Timothy J. Terry

Date:_____

John Willhoft

Date:_____

COUNSEL FOR INDIVIDUAL
PLAINTIFFS

SHERRARD, GERMAN, AND KELLY, P.C.

By:_____

Print Name:_____

Date:_____

COUNSEL FOR NAMED COLLECTIVE
PLAINTIFF AND OPT-IN PLAINTIFFS

ROE & SIMON, LLC

By:_____

Print Name:_____

Date:_____

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**NAMED COLLECTIVE PLAINTIFF**

_____
Seth Baughman

Date:_____

**OPT-IN PLAINTIFFS**

_____
Megan Criswell, sister of Tyler Criswell

Date:_____

_____
Stephen Giardina

Date:_____

_____
Patrick Healy

Date:_____

_____
James Jackson

Date:_____

**INDIVIDUAL PLAINTIFFS**

_____
Derek Behrens

Date:_____

_____
John Beloit

Date:_____

_____
Jordan T. Burgess

Date:_____

_____
James Jordan Hribal

Date:_____

_____
Tyler McDougal

Date:_____

_____
Michael Stone

Date: 5/30/2019

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

NAMED COLLECTIVE PLAINTIFF

_____
Seth Baughman

Date:_____


INDIVIDUAL PLAINTIFFS

_____
Derek Behrens

Date:_____5-24-19_____


OPT-IN PLAINTIFFS

_____
Megan Criswell, sister of Tyler Criswell

Date:_____


_____
Stephen Giardina

Date:_____


_____
Patrick Healy

Date:_____


_____
James Jackson

Date:_____


_____
John Beloit

Date:_____


_____
Jordan T. Burgess

Date:_____


_____
James Jordan Hribal

Date:_____


_____
Tyler McDougal

Date:_____


_____
Michael Stone

Date:_____


(81351834.1)
221666973

10

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**NAMED COLLECTIVE PLAINTIFF**                    **INDIVIDUAL PLAINTIFFS**

_____              _____
Seth Baughman                                Derek Behrens

Date:_____               Date:_____


**OPT-IN PLAINTIFFS**                            _____
                                             John Beloit

                                             Date:_____

_____
Megan Criswell, sister of Tyler Criswell     _____

Date:_____               Jordan T. Burgess

                                             Date:___5-23-2019_____

_____
Stephen Giardina                             _____
                                             James Jordan Hribal
Date:_____
                                             Date:_____


_____
Patrick Healy
                                             _____
Date:_____               Tyler McDougal

                                             Date:_____


_____
James Jackson                                _____
                                             Michael Stone
Date:_____
                                             Date:_____

OPT-IN PLAINTIFFS (CONT'D)                 INDIVIDUAL PLAINTIFFS (CONT'D)

_____           _____
Justin McKenney                           Timothy J. Terry

Date:_____          Date:_____


_____           _____
Charles Omia                              John Willhoft

Date:_____          Date: _5/25/19_____


_____           COUNSEL FOR INDIVIDUAL PLAINTIFFS
Jared Reeder
                                          SHERRARD, GERMAN, AND KELLY, P.C.
Date:_____

                                          By:_____

                                          Print Name:_____
_____
Dustin Reedy                              Date:_____

Date:_____


                                          COUNSEL FOR NAMED COLLECTIVE
                                          PLAINTIFF AND OPT-IN PLAINTIFFS
_____
Christopher Stripe                        ROE & SIMON, LLC

Date:_____
                                          By:_____

                                          Print Name:_____

                                          Date:_____

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement

Agreement as follows:

NAMED COLLECTIVE PLAINTIFF          INDIVIDUAL PLAINTIFFS

_____     _____
Seth Baughman                       Derek Behrens

Date:_____     Date:_____


OPT-IN PLAINTIFFS                   _____
                                    John Beloit

                                    Date:_____

_____
Megan Criswell, sister of Tyler Criswell

Date:_____     _____
                                    Jordan T. Burgess

                                    Date:_____

_____
Stephen Giardina

Date:_____     _____
                                    James Jordan Hribal

                                    Date:_____

_____     _____
Patrick Healy                       Tyler McDougal

Date:_____     Date:_____5/23/2019_____

_____
James Jackson

Date:_____     _____
                                    Michael Stone

                                    Date:_____

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

NAMED COLLECTIVE PLAINTIFF                 INDIVIDUAL PLAINTIFFS

_____           _____
Seth Baughman                             Derek Behrens

Date:_____           Date:_____


                                          _____
OPT-IN PLAINTIFFS                         John Beloit

                                          Date: 5/23/19


_____
Megan Criswell, sister of Tyler Criswell

Date:_____           _____
                                          Jordan T. Burgess

                                          Date:_____


_____
Stephen Giardina

Date:_____           _____
                                          James Jordan Hribal

                                          Date:_____


_____
Patrick Healy

Date:_____           _____
                                          Tyler McDougal

                                          Date:_____


_____
James Jackson

Date:_____           _____
                                          Michael Stone

                                          Date:_____

OPT-IN PLAINTIFFS (CONT'D)                    INDIVIDUAL PLAINTIFFS (CONT'D)


_____              _____
Justin McKenney                              Timothy J. Terry

Date:_____               Date:__5/28/19_____


_____              _____
Charles Omia                                 John Willhoft

Date:_____               Date:_____


_____              COUNSEL FOR INDIVIDUAL PLAINTIFFS
Jared Reeder
                                             SHERRARD, GERMAN, AND KELLY, P.C.
Date:_____

                                             By:_____

                                             Print Name:_____
_____
Dustin Reedy                                 Date:_____

Date:_____


                                             COUNSEL FOR NAMED COLLECTIVE
                                             PLAINTIFF AND OPT-IN PLAINTIFFS
_____
Christopher Stripe                           ROE & SIMON, LLC

Date:_____

                                             By:_____

                                             Print Name:_____

                                             Date:_____


{S1351934 1}
221666973                        11

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement

Agreement as follows:

NAMED COLLECTIVE PLAINTIFF        INDIVIDUAL PLAINTIFFS

_____      _____
Seth Baughman                   Derek Behrens

Date:_____          Date:_____


OPT-IN PLAINTIFFS              _____
                                John Beloit

                                Date:_____

_____
Megan Criswell, sister of Tyler Criswell

Date:_____         _____
                                Jordan T. Burgess

                                Date:_____

_____
Stephen Giardina

Date:_____         _____
                                James Jordan Hribal

                                Date: 5-24-2019

_____
Patrick Healy

Date:_____         _____
                                Tyler McDougal

                                Date:_____

_____
James Jackson

Date:_____         _____
                                Michael Stone

                                Date:_____

{81351534.1}
221666973

10

**ATTACHMENT 1 TO SETTLEMENT AGREEMENT AND RELEASE**
**(Initial Settlement Payments To Be Paid To Plaintiffs Within**
**10 Business Days After Final Approval of Settlement)**

I.     Percentages of Plaintiffs' Settlement Amount to be Paid to Collective Plaintiffs.

| Payee | Amount |
|---|---|
| Baughman, Seth | 5.4025% |
| Criswell, Tyler | .4024% |
| Giardina, Stephen | 8.8807% |
| Healy, Patrick | 13.1540% |
| Jackson, James | 6.9972% |
| McKenney, Justin | 11.0205% |
| Omia, Charles | .8331% |
| Reeder, Jared | .3511% |
| Reedy, Dustin | 3.8036% |
| Stripe, Christopher | 2.0750% |

II.     Percentages of Plaintiffs' Settlement Amount to be Paid to Individual Plaintiffs.

| Payee | Amount |
|---|---|
| Behrens, Derek | 9.1975% |
| Beloit, John | 6.6811% |
| Burgess, Jordan | 9.1975% |
| Hribal, James | 5.4796% |

221666973

| | |
|---|---|
| McDougal, Tyler | 6.6811% |
| Stone, Michael | 2.9885% |
| Terry, Timothy | 3.0465% |
| Willhoft, John | 3.8072% |

**ATTACHMENT 2 TO SETTLEMENT AGREEMENT AND
RELEASE (Installment Settlement Payments)**

| Date | Amount | Payee |
|---|---|---|
| October 1, 2019 | $19,000.00 | Roe & Simon LLC |
| | $10,166.67 | Sherrard, German & Kelly, P.C. |
| January 1, 2020 | $19,000.00 | Roe & Simon LLC |
| | $10,166.67 | Sherrard, German & Kelly, P.C. |
| April 1, 2020 | $19,000.00 | Roe & Simon LLC |
| | $10,166.67 | Sherrard, German & Kelly, P.C. |
| July 1, 2020 | $19,000.00 | Roe & Simon LLC |
| | $10,166.67 | Sherrard, German & Kelly, P.C. |
| October 1, 2020 | $19,000.00 | Roe & Simon LLC |
| | $10,166.67 | Sherrard, German & Kelly, P.C. |
| January 1, 2021 | $19,000.00 | Roe & Simon LLC |
| | $10,166.67 | Sherrard, German & Kelly, P.C. |
| TOTAL: | $175,000.02 | |

221666973

**ATTACHMENT 3 TO SETTLEMENT AGREEMENT AND RELEASE**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SETH BAUGHMAN, individually and on behalf of others similarly situated, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-01143-CB |
| ) | |
| KILLION & SONS WELL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| DEREK BEHRENS, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:17-cv-000485-CB |
| v. ) | |
| ) | |
| KILLION & SONS WELL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| JOHN BELOIT, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | Case No. 2:16-cv-00362-CB |
| ) | |
| v. ) | |
| ) | |
| KILLION & SONS WELL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| JORDAN T. BURGESS, ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | Case No. 2:16-cv-01471-CB |
| ) | |
| v. ) | |
| ) | |
| KILLION & SONS WELL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

221666973

JACOB EDGINGTON,                                    )   CIVIL ACTION
                                                    )
                         Plaintiff,                 )
                                                    )   Case No. 2:16-cv-01702-CB
            v.                                      )
                                                    )
KILLION & SONS WELL SERVICE, INC.,                  )
                                                    )
                         Defendant.                 )
JAMES JORDAN HRIBAL,                                )   CIVIL ACTION
                                                    )
                         Plaintiff,                 )
                                                    )   Case No. 2:16-cv-01472-CB
            v.                                      )
                                                    )
KILLION & SONS WELL SERVICE, INC.,                  )
a Corporation,                                      )
                                                    )
                         Defendant.                 )
                                                    )
TYLER McDOUGAL,                                     )   CIVIL ACTION
                                                    )
                         Plaintiff,                 )
                                                    )   Case No. 2:17-cv-000480-CB
            v.                                      )
                                                    )
KILLION & SONS WELL SERVICE, INC.,                  )
                                                    )
                         Defendant.                 )
MICHAEL STONE,                                      )   CIVIL ACTION
                                                    )
                         Plaintiff,                 )
                                                    )   Case No. 2:17-cv-000478-CB
            v.                                      )
                                                    )
KILLION & SONS WELL SERVICE, INC.,                  )
                                                    )
                         Defendant.                 )

TIMOTHY J. TERRY     ) CIVIL ACTION
           )
    Plaintiff,    )
           ) Case No. 2:16-cv-01445-CB
  v.        )
           )
KILLION & SONS WELL SERVICE, INC., )
           )
    Defendant.   )
           )
JOHN WILLHOFT,     ) CIVIL ACTION
           )
    Plaintiff,    )
           ) Case No. 2:17-cv-000484-CB
  v.        )
           )
KILLION & SONS WELL SERVICE, INC., )
           )
    Defendant.   )

### CONSENT JUDGMENT

This matter coming to be heard on Plaintiffs' Petition for Entry of a Consent Judgment, by consent of Defendant pursuant to a Settlement Agreement and Release dated May ___, 2019 ("Settlement Agreement"), and Plaintiffs' having presented an Affidavit verifying Defendant's breach of the Settlement Agreement, IT IS HEREBY ORDERED THAT:

  1.  Judgment is entered in favor of Plaintiffs and against Defendant in the amount of $_____, representing the outstanding settlement funds owed to Plaintiffs pursuant to the Settlement Agreement;

  2.  Defendant shall be responsible for the current post-judgment rate of interest in the Commonwealth of Pennsylvania, until the sum referenced in Paragraph 1 is paid in full, plus any attorneys' fees and expenses incurred by Plaintiffs to collect on this Consent Judgment;

  3.  This Consent Judgment is entered by consent pursuant to the terms of the Settlement Agreement;

4.    Notwithstanding anything to the contrary, this Consent Judgment serves only as a judgment against the Defendant;

5.    Defendant has agreed that it will not file an appeal from this judgment.

SO ORDERED:

_____
                                                                J.